No. 23-1394

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

JESSE HAMMONS,

*Plaintiff-Appellant*,

v.

UNIVERSITY OF MARYLAND MEDICAL SYSTEM CORP., ET AL.,

*Defendants-Appellees*.

On Appeal from the United States District Court
for the District of Maryland
No. 20-cv-02088

## APPELLEES' MOTION TO SUMMARILY DISMISS
## FOR LACK OF JURISDICTION

| | |
|---|---|
| Denise Giraudo | Yaakov M. Roth |
| Paul Werner | *Counsel of Record* |
| SHEPPARD, MULLIN, | Audrey Beck |
| RICHTER & HAMPTON LLP | JONES DAY |
| 2099 Pennsylvania Avenue, NW | 51 Louisiana Avenue, NW |
| Washington, D.C. 20036 | Washington, D.C. 20001 |
| (202) 747-1906 | (202) 879-3939 |
| dgiraudo@sheppardmullin.com | yroth@jonesday.com |
| pwerner@sheppardmullin.com | abeck@jonesday.com |

*Counsel for Appellees*

## **INTRODUCTION**

Plaintiff Jesse Hammons has purported to appeal the final judgment entered below.  But Hammons *won* below.  The district court granted summary judgment *in his favor*, agreeing that all three Defendants were liable under Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116(a), for cancelling Hammons' hysterectomy.  D. Ct. Dkt. 122.  The parties *stipulated* to Hammons' damages (D. Ct. Dkt. 128); the court entered final judgment accordingly (D. Ct. Dkt. 133).  And Defendants have since *paid* the judgment.  It is axiomatic, "a general rule," that "a prevailing party cannot appeal from a district court judgment in its favor." *Chesapeake B & M, Inc. v. Harford Cnty.*, 58 F.3d 1005, 1011 (4th Cir. 1995).  This Court lacks jurisdiction over such an appeal, because it presents no live controversy between the parties.

Hammons appears to be trying to contest the district court's earlier rejection of his alternative *constitutional* theories.  But that issue is now academic—mooted by the fact that Hammons has secured *exactly the same relief* on statutory grounds.  He sued based on a single injury (cancellation of his surgery), seeking compensatory damages (the lost earnings suffered as a result).  He won a judgment awarding that full relief.  That success has eliminated Hammons' concrete stake in this dispute, as he would gain nothing further even if this Court held that his constitutional theories were viable.  Plaintiff lacks standing to appeal; this case is quintessentially moot.  This Court should therefore dismiss it—and do so now, at the threshold.

## BACKGROUND

This case arises from the cancellation of Hammons' hysterectomy, which had been scheduled to occur at the University of Maryland St. Joseph Medical Center ("St. Joseph"), a hospital in Towson, Maryland. Hammons' surgery was intended to treat gender dysphoria. St. Joseph is a Catholic hospital, however, and observes the Ethical and Religious Directives for Catholic Health Care Services ("ERDs"), which forbid performing surgery for purposes of gender transition. The procedure was therefore cancelled. *See* D. Ct. Dkt. 121 ("SJ Op."), at 6-10 (Exh. C).

Hammons sued the two entities that operate St. Joseph (namely, the University of Maryland St. Joseph Medical Center, LLC, and UMSJ Health System, LLC) and their parent company, the University of Maryland Medical System ("UMMS"). He alleged that the cancellation forced him to reschedule the procedure for another day elsewhere, resulting in monetary loss. D. Ct. Dkt. 1 ("Compl."), ¶ 60. He sought recovery for that injury on both constitutional and statutory legal theories. *First*, Hammons asserted that the cancellation of the surgery violated the Establishment Clause and the Equal Protection Clause. *Id.* ¶¶ 67, 74, 79-80. *Second*, Hammons asserted that the cancellation was discrimination on the basis of sex, in violation of Section 1557 of the Affordable Care Act ("ACA"). *Id.* ¶ 89. Hammons had standing to pursue these claims because the "cancellation of Plaintiff's surgery constituted injury," redressable by "money damages." D. Ct. Dkt. 52 at 12, 16 (Exh. B).

2

At the pleading stage, the district court dismissed the constitutional claims. *Id.* at 31-41. But the court declined to dismiss the ACA claim. *See id.* at 42-49. The case proceeded to discovery, and the parties then filed cross-motions for summary judgment. Hammons argued that Defendants cancelled his surgery "because it 'was meant to treat his gender dysphoria,'" and "this constitutes discrimination on the basis of sex" in violation of Section 1557. SJ Op. 13. The court agreed, rejected Defendants' arguments, and granted Hammons summary judgment. *Id.* at 51.

Following the liability order, the parties stipulated that Hammons' damages (his lost earnings) totaled $748.46, and also stipulated to prejudgment interest. D. Ct. Dkt. 128. On March 13, 2023, the court entered final judgment in the total agreed amount of $874.63. D. Ct. Dkt. 133. The parties agreed to defer the reimbursement of attorneys' fees until after any appeals. D. Ct. Dkt. 134, 135. Defendants have since paid the judgment in full. *See* Exh. A (correspondence).

Despite prevailing below, Hammons noticed an appeal, seeking review of the dismissal of his constitutional claims. D. Ct. Dkt. 136.[1] Defendants now move to summarily dismiss for lack of jurisdiction. *See* 4th Cir. R. 27(f)(2). They advised Hammons of their intention to bring this motion; he intends to oppose it.

---

[1] Depending on the timing of the Court's resolution of this motion, Defendants may notice a conditional cross-appeal to preserve their right to challenge the adverse judgment in the event this Court concludes that Hammons' appeal is not moot. To be clear, Defendants otherwise do not challenge that judgment; if the Court grants this motion, any conditional cross-appeal will automatically also be dismissed.

3

# ARGUMENT

This case is classically moot. The only concrete injury Plaintiff ever asserted was the cancellation of his surgery. The district court agreed that the cancellation was unlawful, and awarded Hammons a final judgment against all Defendants for the only relief he sought (compensatory damages for his lost earnings). Defendants did not seek to disturb that final judgment—they paid it. Hammons therefore has no standing to pursue an appeal. At this juncture, his alternative constitutional theories present only abstract and academic questions, with no practical significance, and this Court lacks jurisdiction to consider those questions in this posture.

**I.** Article III conditions the "exercise of judicial power … on the existence of a case or controversy." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). That means a plaintiff must suffer an injury that "can be redressed by a favorable judicial decision." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983); *see id.* (appeal moot where "no resolution … can redress [the] asserted grievance"). And because "federal courts may adjudicate only actual, ongoing cases or controversies," the plaintiff must maintain that "concrete" stake at "all stages of federal judicial proceedings, trial and appellate." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-79 (1990). That standing requirement "must be met by persons seeking appellate review, just as it must be met by persons appearing in courts of first instance." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 64 (1997).

4

As this Court has recognized, a plaintiff loses his "'personal stake in the outcome' of the lawsuit," *Lewis*, 494 U.S. at 478—and so lacks standing to proceed further—"when [he] receives the relief sought in his … claim," *Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013). In *Williams*, for example, the appeal was moot because the inmate "already ha[d] received the restoration of his visitation privileges that he requested." *Id.* In another case, this Court dismissed an appeal because the State gave the plaintiffs "the 'precise relief' they sought" by withdrawing the challenged executive orders. *Eden, LLC v. Justice*, 36 F.4th 166, 170 & n.3 (4th Cir. 2022). And in a third example, this Court dismissed a federal appeal as moot after a state court in parallel litigation provided all the relief that would have been possible. *See Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002).

Most pertinent here, a plaintiff's claims become moot if the plaintiff prevails on an alternative claim that triggers the same relief for the same injury. This Court so held in *Waterman v. Alta Verde Industries, Inc.*, 833 F.2d 1006, 1987 WL 39014 (4th Cir. 1987) (per curiam), where a plaintiff challenged the sale of an unregistered security under both federal and state law, losing the former but winning the latter. *See id.* at *1. This Court recognized that the plaintiff's appeal on the federal claim was "moot" given that the plaintiff had prevailed on a state-law claim that "provides a similar remedy," namely rescission of the sale, and a plaintiff "is not entitled to double recovery." *Id.* at *1-2.

5

Other circuits have reached the same conclusion on similar fact patterns. *See, e.g.*, *Miller v. Travis Cnty.*, 953 F.3d 817, 819, 822 (5th Cir. 2020) (constitutional claim moot in light of affirmance on FLSA claim, because plaintiff cannot recover twice for same injury); *Portalatin v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 900 F.3d 377, 383 (7th Cir. 2018) (where plaintiff settles a claim "for the full relief available for a single, indivisible injury," other claim "for the same injury" is moot); *Garity v. Brennan*, 845 F. App'x 664, 665 (9th Cir. 2021) (appeal on Title VII claim moot in light of recovery on Rehabilitation Act claim for same relief); *Ridgell-Boltz v. Colvin*, 565 F. App'x 680, 684 (10th Cir. 2014) (where plaintiff "sought relief for only one injury" and prevailed on Title VII *retaliatory*-discharge claim, appeal on Title VII *discriminatory*-discharge claim was moot).

This rule follows from the basic principle that a plaintiff may not recover twice for the same injury. It is "[a] basic principle of compensatory damages … that an injury can be compensated only once. If two causes of action provide a legal theory for compensating one injury, only one recovery may be obtained." *Bender v. City of N.Y.*, 78 F.3d 787, 793 (2d Cir. 1996); *see, e.g.*, *Dionne v. Mayor & City Council of Balt.*, 40 F.3d 677, 685 (4th Cir. 1994). As such, once a plaintiff has been fully compensated for an injury on one legal theory, the plaintiff cannot press other claims or theories to recover for that same injury. Rather, the case at that point becomes moot. *See Lewis*, 494 U.S. at 477.

6

When the alternative theories are *statutory* and *constitutional*, respectively, constitutional avoidance principles bolster the conclusion. Where a court determines that a statutory claim "would provide the relief sought," avoidance doctrine instructs that the court "need not decide" the constitutional issue. *Ricci v. DeStefano*, 557 U.S. 557, 576, 593 (2009) (considering Title VII claim before equal protection claim for this reason); *see also Escambia Cnty. v. McMillan*, 466 U.S. 48, 51 (1984) (remanding for resolution of statutory claim, as it "would moot the constitutional issues"). Indeed, a constitutional decision is "inappropriate" if it would not entitle a party "to relief beyond that to which they were entitled on their statutory claims." *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445-46 (1988).

That is because, in such a case, there is no "*need*" to resolve constitutional questions. *Thompson v. Greene*, 427 F.3d 263, 267 (4th Cir. 2005) (emphasis added) (concluding that court "need not reach" constitutional question given relief on rule-based grounds); *see also, e.g.*, *Veasey v. Abbott*, 830 F.3d 216, 265 (5th Cir. 2016) (affirming statutory violation and not reaching constitutional claims, as "Plaintiffs will be entitled to the same relief … if they prevailed"); *Stockton E. Water Dist. v. United States*, 583 F.3d 1344, 1368 (Fed. Cir. 2009) (appropriate to consider contract claim before constitutional claim on avoidance principles, because plaintiffs could "obtain only one recovery for a single harm"). That lack of necessity spells mootness where a court has *already* awarded full relief on the statutory claim.

7

**II.** Applying those principles here, Hammons' appeal must be dismissed, because he has no standing to appeal the dismissal of his constitutional claims after securing full relief on his statutory claim premised on the same injury.

Hammons alleged and proved a single, indivisible injury (cancellation of his surgery), causing one category of compensatory harm (lost earnings). That injury, and those money damages, were Hammons' exclusive basis for Article III standing. *See* D. Ct. Dkt. 47 at 7-8 (citing "financial harm" from cancelled surgery, which is "redressable through an award of monetary damages"); D. Ct. Dkt. 52 at 12-16 (court accepting that "the alleged cancellation of Plaintiff's surgery constituted injury," and that "a judgment awarding money damages" would "redress" it).

The district court granted Hammons a final judgment vindicating that injury and awarding those damages, thereby fully redressing his only injury-in-fact. Those money damages constitute "the relief [he] sought" in this case. *Williams*, 716 F.3d at 809. The constitutional claims he seeks to appeal are thus academic. This Court cannot grant Hammons any effectual relief on those claims: "Win or lose, [he] ha[s] already received the 'precise relief' [he] sought." *Eden*, 36 F.4th at 170. All that remains is a mere disagreement about the Constitution, but that is not a "concrete" "personal stake" sufficient for jurisdiction. *Lewis*, 494 U.S. at 477-79. If it were, the constitutional avoidance doctrine would be eviscerated, as there would always be a "need" to answer the constitutional question. *Thompson*, 427 F.3d at 267.

Notably, as the district court observed, Hammons did "not seek prospective relief." D. Ct. Dkt. 52 at 16; *see also* D. Ct. Dkt. 47 at 13 (clarifying in opposition to motion to dismiss that "Mr. Hammons is not seeking injunctive relief '[f]orcing St. Joseph to abandon its Catholic legacy'"). Nor could Hammons have done so, because he plainly lacks standing for any prospective equitable relief after obtaining a hysterectomy at another hospital. *See City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Prescott v. Rady Children's Hosp.-San Diego*, 265 F. Supp. 3d 1090, 1100 (S.D. Cal. 2017) (plaintiff "lacks standing to seek declaratory or injunctive relief under section 1557 of the ACA" because she "is unable to demonstrate a likelihood of facing future similar harm"). Prevailing on the constitutional claims on appeal would thus not entitle Hammons to any declaratory or prospective relief, because that relief would not redress any cognizable Article III injury. Hammons therefore cannot invoke that prospect to create appellate standing after having received the sole relief (money damages) that he sought.

**III.** Finally, Defendants respectfully request that the Court adjudicate this motion at the threshold, so that the parties and the Court are not forced to devote resources to briefing, arguing, and considering the merits of a complex appeal, and potentially a conditional cross-appeal, that are destined to be dismissed for lack of jurisdiction. The jurisdictional issue is simple and distinct from the merits; as a prudential matter, it clearly would be preferable to resolve it now.

## **CONCLUSION**

The Court should summarily dismiss this appeal for lack of jurisdiction—and it should do so now, before the parties engage in full merits briefing.

April 14, 2023

Respectfully submitted,

Denise Giraudo
Paul Werner
SHEPPARD, MULLIN,
RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, NW
Washington, D.C. 20036
(202) 747-1906
dgiraudo@sheppardmullin.com
pwerner@sheppardmullin.com

*/s/ Yaakov M. Roth*
Yaakov M. Roth
  *Counsel of Record*
Audrey Beck
JONES DAY
51 Louisiana Avenue, NW
Washington, D.C. 20001
(202) 879-3939
yroth@jonesday.com
abeck@jonesday.com

*Counsel for Appellees*

10

## **CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2) because it contains 2,319 words. This motion complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it was prepared in a proportionally spaced typeface using 14-point Times New Roman font.

/s/ Yaakov M. Roth
Yaakov M. Roth

*Counsel for Appellees*