No. 23-1394

---

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

JESSE HAMMONS,

*Plaintiff-Appellant*,

v.

UNIVERSITY OF MARYLAND MEDICAL SYSTEM CORP., ET AL.,

*Defendants-Appellees*.

---

On Appeal from the United States District Court
for the District of Maryland
No. 20-cv-02088

---

## PLAINTIFF-APPELLANT'S RESPONSE IN OPPOSITION TO DEFENDANTS-APPELLEEES' MOTION TO SUMMARILY DISMISS FOR LACK OF JURISDICTION

---

Aron Fischer
Andrew D. Cohen
Abigail E. Marion
Jonathan S. Z. Hermann
PATTERSON BELKNAP
WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000
afischer@pbwt.com
acohen@pbwt.com
amarion@pbwt.com
jhermann@pbwt.com

Joshua A. Block
Leslie Cooper
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2627
Fax: (212) 549-2650
jblock@aclu.org
lcooper@aclu.org

Daniel Mach  
AMERICAN CIVIL LIBERTIES UNION FOUNDATION  
915 15th Street, NW  
Washington, DC 20005  
Tel: (202) 675-2330  
Fax: 202-546-0738  
dmach@aclu.org  

Louis J. Ebert (Fed. Bar No. 02031)  
ROSENBERG MARTIN GREENBERG, LLP  
25 South Charles Street, 21st Floor  
Baltimore, Maryland 21201  
Telephone: (410) 727-6600  
Fax: (410) 727-1115  
lebert@rosenbergmartin.com  

*Counsel for Plaintiff-Appellant Jesse Hammons*

## INTRODUCTION

Defendants-Appellees' Motion to Summarily Dismiss this appeal is based on a false premise. Defendants repeatedly—and erroneously—assert that Plaintiff-Appellant Jesse Hammons has received "the only relief he sought (compensatory damages for his lost earnings)." ECF No. 6-1 ("Mot.") at 4; *see also id.* at 9 (claiming that Mr. Hammons has "received the sole relief (money damages) that he sought"). And Defendants assert that once Mr. Hammons received compensatory damages for his statutory claim, his constitutional claims became moot because no further relief could be granted.

But Defendants inexplicably ignore that Mr. Hammons's complaint expressly seeks not only "[c]ompensatory damages" for his constitutional claims but also "[n]ominal damages" and attendant retrospective "[d]eclaratory relief" that Defendants "violated Mr. Hammons's rights under the Establishment Clause" and "the Equal Protection Clause." *See* Complaint, D. Ct. ECF No. 1 ("Complaint") at 24. If Mr. Hammons prevails on his constitutional claims, he would be entitled to this additional relief, beyond the compensatory damages he has already received. *See Grimm v. Gloucester Cnty. Sch. Bd.*, 972 F.3d 586, 603 (4th Cir. 2020) (affirming award of nominal damages and retrospective declaratory relief for violations of both Title IX and the Equal Protection Clause).

1

Because Mr. Hammons has a concrete interest in pursuing his constitutional claims, Defendants' Motion to Summarily Dismiss should be denied.

## BACKGROUND

The following facts were found by the District Court on summary judgment. *See Hammons v. Univ. of Md. Med. Sys. Corp.*, —F.Supp.3d—, No. DKC 20-2088, 2023 WL 121741 (D. Md. Jan. 6, 2023). Defendants are governmental entities that and own and operate the University of Maryland St. Joseph Medical Center ("St. Joseph"), a hospital in Maryland. *Id.* at *1. Despite being a government hospital system, Defendants operate St. Joseph as a Catholic facility pursuant to the Ethical and Religious Directives of the United States Conference of Catholic Bishops (the "Religious Directives"), which St. Joseph interprets to ban all gender-affirming care, including gender-affirming hormone therapy and all gender-affirming surgery. *Id.* at *2–3, *16. Under the Religious Directives as interpreted by St. Joseph, "[g]ender transitioning of any kind is intrinsically disordered[] because it cannot conform to the true good of the human person, who is a body-soul union unalterably created male or female." *Id.* at *3.

Mr. Hammons is a man who is transgender and who has also been diagnosed with gender dysphoria. *Id.* at *1, *3. As part of his medically necessary care, Mr. Hammons's surgeon scheduled a hysterectomy to take place at St. Joseph. *Id.* at *4. But before Mr. Hammons's surgery could take place, St. Joseph ordered Mr.

2

Hammons's surgeon to cancel the procedure as contrary to the Religious Directives. *Id.*

Mr. Hammons sued, alleging three claims: (1) violation of the Establishment Clause, (2) violation of the Equal Protection Clause, and (3) violation of Section 1557 of the Affordable Care Act. For each of his claims, Mr. Hammons sought declaratory relief, compensatory damages, nominal damages, reasonable attorneys' fees and costs, and any other relief deemed just and proper. *See* Complaint at 24. Mr. Hammons's two constitutional claims were dismissed after the District Court ruled that Defendants are shielded by sovereign immunity. *See* Notice of Appeal Exs. A–D, D. Ct. ECF Nos. 136-1–136-4. But Mr. Hammons prevailed on his statutory claim, and the district court entered a final judgment directing Defendants to pay $874.63 in compensatory damages for Mr. Hammons's lost wages from rescheduling the surgery. *See* Notice of Appeal Ex. E, D. Ct. ECF No. 136-5.

Mr. Hammons now appeals the dismissal of his constitutional claims, and he continues to seek nominal damages and retrospective declaratory relief as to those claims.

## ARGUMENT

I.  **Because Mr. Hammons Seeks Nominal Damages and Retrospective Declaratory Relief, His Constitutional Claims Are Not Moot.**

Mr. Hammons's prayer for nominal damages and declaratory relief are sufficient to maintain a live controversy as to his constitutional claims. "A case

3

becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party," and the "case remains live as long as the parties have a concrete interest, however small, in the outcome of the litigation." *MOAC Mall Holdings LLC v. Transform Holdco LLC*, 143 S. Ct. 927, 927 (2023) (quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)) (cleaned up). "[T]he bar for maintaining a legally cognizable claim is not high . . . Naturally, then, plausible claims for damages defeat mootness challenges. . . . That is true even when the claim is for nominal damages." *Grimm*, 972 F.3d at 604 (cleaned up).

Mr. Hammons's request for nominal damages and retrospective declaratory relief provides him with a continuing concrete interest in his constitutional claims. As the Supreme Court recently explained in *Uzuegbunam v. Preczewski*, "for the purpose of Article III standing, nominal damages provide the necessary redress for a completed violation of a legal right." 141 S. Ct. 792, 802 (2021). "Nominal damages are not a consolation prize for the plaintiff who pleads, but fails to prove, compensatory damages." *Id.* at 800. Nor are they "purely symbolic." *Id.* at 801. Rather, "nominal damages are in fact damages paid to the plaintiff" that "independently provide redress." *Id.* (citation omitted). Because "every violation of a right imports damage, nominal damages can redress [a plaintiff's] injury even if he cannot or chooses not to quantify that harm in economic terms." *Id.* at 802 (cleaned up). These principles "are particularly important in the civil rights context,

4

because such rights are often vindicated through nominal damages." *Grimm*, 972 F.3d at 604.

Moreover, if Mr. Hammons prevails on appeal, his award of nominal damages could also be accompanied by retrospective declaratory relief because, "if the Court were to decide that [Mr. Hammons is] entitled to nominal damages" for his constitutional claims, "that decision would necessarily involve the Court declaring that [Defendants'] policy violated [his constitutional] rights." *McArthur v. Brabrand*, 610 F. Supp. 3d 822, 837 (E.D. Va. 2022); *see also Grimm*, 972 F.3d at 603 (affirming award of nominal damages and retrospective declaratory relief for violations of both Title IX and the Equal Protection Clause); *Crue v. Aiken*, 370 F.3d 668, 677 (7th Cir. 2004) (explaining in nominal damages case that when "a claim for damages remains, a declaratory judgment as a predicate to a damages award can survive").

To be sure, Mr. Hammons could have requested more money. For example, punitive damages and damages for emotional distress can be awarded for constitutional violations under 42 U.S.C. § 1983, but are not available for violations of Section 1557. *See Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562, 1568, 1571–72 (2022); *Smith v. Wade*, 461 U.S. 30, 56 (1983) (punitive damages available under Section 1983); *Randall v. Prince George's Cnty., Md.*, 302 F.3d 188, 208 (4th Cir. 2002) ("Actual injury [in Section 1983 context] . . . may include

5

emotional distress."). But a plaintiff "may demand payment for nominal damages no less than he may demand payment for millions of dollars." *Farrar v. Hobby*, 506 U.S. 103, 113 (1992). Nominal damages provide a valid means of redressing Mr. Hammons's constitutional injuries even if he "chooses not to quantify that harm in economic terms." *Uzuegbunam*, 141 S. Ct. at 802.

Because Mr. Hammons's request for nominal damages and retrospective declaratory relief provides him with a continued concrete interest in his constitutional claims, Defendants' Motion to Dismiss the appeal should be denied.

## II. Mr. Hammons's Recovery of Compensatory Damages for His Statutory Claim Does Not Extinguish His Right to Nominal Damages on His Constitutional Claims.

The fact that Mr. Hammons has obtained compensatory damages on his statutory claim does not alter the foregoing analysis. Mr. Hammons's standing to pursue his constitutional claims through nominal damages did not evaporate when he obtained compensatory damages on a distinct statutory claim. Indeed, if he had not sought *any compensatory damages at all*, he would still be "entitled to at least nominal damages" on both his constitutional claims. *Covenant Media of SC, LLC v. City of N. Charleston*, 493 F.3d 421, 429 n.4 (4th Cir. 2007); *see also Grimm*, 972 F.3d at 602, 606–20 (affirming nominal damages and declaratory relief as to Title IX and Equal Protection Clause claims arising from same operative facts). Nominal damages and compensatory damages are distinct remedies, and Mr. Hammons's

6

constitutional and statutory claims involve distinct harms, despite arising from the same set of facts.

### A. Nominal Damages and Compensatory Damages Are Distinct Remedies.

Mr. Hammons's request for nominal damages on his constitutional claims are not fungible with the compensatory damages he received for his statutory claim. To the contrary, "[n]ominal damages claims [are] . . . categorically different from even small compensatory damages claims, as compensatory damages and nominal damages serve distinct purposes." *Platt v. Moore*, 15 F.4th 895, 904 (9th Cir. 2021) (cleaned up).

That is especially true for violations of constitutional rights. "By making the deprivation of such rights actionable for nominal damages without proof of actual injury, the law recognizes the importance to organized society that those rights be scrupulously observed." *Carey v. Piphus*, 435 U.S. 247, 266 (1978). The very purpose of nominal damages is to ensure that "a plaintiff who proved a legal violation could always . . . have a means to vindicate" that legal right. *Uzuegbunam*, 141 S. Ct. at 800 (cleaned up). Nominal damages "are meant to guarantee that unconstitutional acts remain actionable rather than to 'measure' the constitutional injury in any meaningful sense." *Amato v. City of Saratoga Springs, N.Y.*, 170 F.3d 311, 319 (2d Cir. 1999). "A contrary rule would have meant, in many cases, that there was no remedy at all for those rights, such as due process or voting rights, that

7

[are] not readily reducible to monetary valuation." *Uzuegbunam*, 141 S. Ct. at 800. And nominal damages are routinely granted for multiple related claims, both where all claims seek nominal damages, and where compensatory damages on one claim are accompanied by nominal damages awards on others.¹

For these reasons, the "double recovery" cases cited by Defendants are inapposite. *See* Mot. at 5–6. Those cases merely hold that a plaintiff cannot recover compensatory damages in an amount greater than his compensable injuries, whether through alternative theories of liability or from multiple defendants. They do not address nominal damages at all.² Defendants also cite *Bender v. City of New York*,

---

¹ *See, e.g.*, *Grimm*, 972 F.3d at 603 (affirming nominal damages on related equal protection and Title IX claims); *Parada v. Anoka Cnty.*, 54 F.4th 1016, 1020 (8th Cir. 2022) (nominal damages for equal protection claim and compensatory damages for related false imprisonment claim); *Zhang v. Cnty. of Monterey*, No. 17-CV-00007-LHK, 2021 WL 2322940, at *2 (N.D. Cal. June 6, 2021) (nominal damages for federal due process claim and compensatory damages for related state due process claim).

² *See Garity v. Brennan*, 845 F. App'x 664, 665 (9th Cir. 2021) (plaintiff may recover on only one of multiple alternative claims for the same back pay); *Miller v. Travis Cnty.*, 953 F.3d 817, 819, 822 (5th Cir. 2020) (where plaintiffs' claims were alternative vehicles to receive the same overtime pay, an award as to one claim mooted the other claim); *Portalatin v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 900 F.3d 377, 383 (7th Cir. 2018) (a plaintiff cannot recover the same compensatory damages from one defendant as she received in settlement from another defendant); *Ridgell-Boltz v. Colvin*, 565 F. App'x 680, 684 (10th Cir. 2014) (dismissing as moot age-based and wrongful discharge claims because they sought the same compensatory damages that the jury awarded plaintiff for a separate claim); *Waterman v. Alta Verde Indus., Inc.*, 833 F.2d 1006, No. 87-1505, 87-1515, 1987 WL 39014, at *2 (4th Cir. Nov. 17, 1987) (per curiam) (plaintiff cannot double recover rescissionary damages); *Bender*, 78 F.3d at 793 (plaintiff cannot recover an amount greater than the compensatory damages he sought through overlapping tort

78 F.3d 787, 793–94 (2d Cir. 1996), which held that a plaintiff may not recover *compensatory* damages from one defendant after being fully compensated by another defendant. But Defendants ignore the Second Circuit's subsequent decision in *Amato*, which distinguished *Bender* in the context of *nominal* damages. *See Amato*, 170 F.3d at 319 (distinguishing *Bender* because "there is a real question as to whether nominal damages can ever be strictly 'duplicative'"). The Ninth Circuit similarly held in *Ruvalcaba v. City of Los Angeles* that even when a plaintiff "has been fully compensated for his injuries, he may still recover nominal damages for a separate and distinct constitutional wrong irrespective of whether he is entitled to actual damages for that wrong." 167 F.3d 514, 524 (9th Cir. 1999) (cleaned up).[3]

This case is even more straightforward than *Amato* and *Ruvalcaba*. In those cases, a plaintiff brought Fourth Amendment claims against both individual law enforcement officers and a municipality under *Monell* for the same constitutional violation. Here, by contrast, Mr. Hammons is not seeking to hold additional parties

---

claims); *Dionne v. Mayor & City Council of Balt.*, 40 F.3d 677, 681 (4th Cir. 1994) (holding that a previous award of back pay and lost benefits "would reduce any damages that [plaintiff] might recover" in a later action).

[3] In such circumstances, an award of nominal damages for a constitutional violation (as opposed to additional compensatory damages) *avoids* double recovery. *See Zhang,* 2021 WL 2322940, at *2, (holding that plaintiff "is not entitled to double recovery," and "[t]hus, if [plaintiff] prevails on both [state and federal] due process claims, she will receive only nominal damages on the federal due process claim").

9

liable for the same constitutional violation: He is seeking nominal damages for distinct constitutional claims, which, as explained below, implicate distinct harms. Mr. Hammons's receipt of compensatory damages for Defendants' statutory violations provides no redress whatsoever for Mr. Hammons's constitutional injuries.[4]

---

[4] Defendants' "constitutional avoidance" arguments are misplaced for the same reason. Contrary to Defendants' assertions, Mr. Hammons's constitutional claims cannot be "avoided" because they seek additional relief beyond what he received for his statutory claim. Indeed, in one case cited by Defendants, the Court addressed the constitutional question precisely *because* the constitutional claim supported relief that the statutory claim did not. *See Lyng v. N.W. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 446 (1988) (addressing constitutional issue because "the [lower courts'] statutory holdings would not have supported all the [injunctive] relief granted"). Defendants otherwise rely on cases that did not involve claims for relief beyond what plaintiffs had already received. *See Ricci v. DeStefano*, 557 U.S. 557, 576, 593 (2009) (declining to reach constitutional question in injunctive relief and compensatory damages case where "[a] decision for petitioners on their statutory claim would provide the relief sought"); *Thompson v. Greene*, 427 F.3d 263, 267 (4th Cir. 2005) (plaintiff sought vacatur of the dismissal of his habeas petition through both a procedural challenge and a constitutional due process challenge); *Veasey v. Abbott*, 830 F.3d 216, 265 (5th Cir. 2016) (plaintiff sought to enjoin enforcement of a state voter-registration law through alternative statutory and constitutional claims); *Stockton E. Water Dist. v. United States*, 583 F.3d 1344, 1368 (Fed. Cir. 2009) (plaintiff water districts sought only compensatory damages, not nominal damages, from the U.S. Bureau of Reclamation through a breach-of-contract claim and a Fifth Amendment takings claim); *see also Escambia Cnty. v. McMillan*, 466 U.S. 48, 51 (1984) (remanding only as to a statutory challenge to an election, but without reaching the question of an appropriate remedy).

10

### B. Mr. Hammons's Constitutional Claims and Statutory Claims Involve Distinct Harms.

Mr. Hammons's constitutional claims and statutory claims are also separately redressable because Mr. Hammons's constitutional claims implicate distinct dignitary harms.[5] An award of compensatory damages solely on Mr. Hammons's statutory claim fails to vindicate his independent rights under the Constitution or redress the distinct dignitary harms that are inflicted when the Establishment Clause and Equal Protection Clause are violated.

Violations of the Establishment Clause perpetrate harm that is not measurable simply by lost wages. As this Court explained in *Lund v. Rowan County*, "[t]wo serious harms arise when the power and prestige of government is placed behind a particular religious belief." 863 F.3d 268, 286 (4th Cir. 2017) (en banc) (cleaned up). "One is suffered by the individual. 'A state-created orthodoxy puts at grave risk that freedom of belief and conscience which are the sole assurance that religious faith is real, not imposed.'" *Id.* (quoting *Lee v. Weisman*, 505 U.S. 577, 592 (1992). "The second injury is to the government itself. A well-founded perception that a government favors citizens subscribing to a particular faith would undermine the

---

[5] These distinct harms provide a further reason why Defendants' invocation of the rule against double recovery is off the mark. The bar on double recovery may attach when there is a "single, indivisible harm" for which a plaintiff has been compensated. *Chisholm v. UHP Projects, Inc.*, 205 F.3d 731, 737 (4th Cir. 2000). Here, Defendants compensated Mr. Hammons for only *one* of the harms they inflicted.

11

democratic legitimacy of its actions." *Lund*, 863 F.3d at 286; *see also Engel v. Vitale*, 370 U.S. 421, 431 (1962) ("[W]henever government had allied itself with one particular form of religion, the inevitable result had been that it had incurred the hatred, disrespect and even contempt of those who held contrary beliefs.").

Mr. Hammons was directly and personally impacted by Defendants' violation of the Establishment Clause. *See Mays v. Cabell Cnty. Bd. of Educ.*, No. CV 3:22-0085, 2022 WL 17637616, at *4 (S.D.W. Va. Dec. 13, 2022) ("[W]ithout doubt, S.F. has alleged an actual, concrete, and particularized 'injury in fact' under the Establishment Clause by being required to attend an evangelical Christian revival during the school day against his will."). An award of nominal damages not only redresses Mr. Hammons's individual dignitary harm, but also "recognizes the importance to organized society that those rights be scrupulously observed." *Carey*, 435 U.S. at 266.

Violations of the Equal Protection Clause also create distinct dignitary harms. "[D]iscrimination itself, by perpetuating 'archaic and stereotypic notions' or by stigmatizing members of the disfavored group as 'innately inferior' and therefore as less worthy participants in the political community can cause serious non-economic injuries to those persons who are personally denied equal treatment solely because of their membership in a disfavored group." *Heckler v. Mathews*, 465 U.S. 728, 739–40 (1984) (citation omitted). Thus, "[d]iscrimination is not simply dollars and cents,

12

hamburgers and movies; it is the humiliation, frustration, and embarrassment that a person must surely feel when he is told that he is unacceptable as a member of the public." *Heart of Atlanta Motel, Inc. v. United States*, 379 U.S. 241, 292 (1964) (Goldberg, J. concurring) (citation omitted). And, here, Mr. Hammons was subjected to a "specific, concrete instance[] of discrimination" when Defendants refused to provide him with medical treatment based on his status as a transgender man. *Bostic v. Shaffer*, 760 F.3d 352, 372 (4th Cir. 2014).

An award of nominal damages would provide Mr. Hammons at least partial redress for these distinct injuries.

### III. Defendants Should Be Precluded from Raising New Arguments on Reply.

Of course, since the inception of this suit, Defendants have been aware that Mr. Hammons's Complaint seeks nominal damages and declaratory relief for the constitutional claims. Because Defendants have failed to provide any argument for why those forms of relief are insufficient to maintain Mr. Hammons's appeal, such arguments have been waived and cannot be raised for the first time in Defendants' reply. *See United States v. Evans*, No. 20-4155, 2022 WL 3500210, at *1 (4th Cir. Aug. 2, 2022) ("A party . . . waives review of any issues available to him but not fully raised and developed in his opening brief."); *see also Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing

13

to present it in its opening brief or by failing to 'develop its argument'—even if [its] brief takes a passing shot at the issue.") (citation omitted).

If Defendants seek to provide new arguments for the first time in their reply, Mr. Hammons respectfully requests the opportunity to provide a response to prevent Defendants' from gaining an unfair advantage from strategically omitting key arguments from their opening brief.

## CONCLUSION

For all these reasons, Defendants-Appellees' Motion to Summarily Dismiss for lack of jurisdiction should be denied.

April 27, 2023                               Respectfully submitted,

/s/ Aron Fischer
Aron Fischer
Andrew D. Cohen
Abigail E. Marion
Jonathan S. Z. Hermann
PATTERSON BELKNAP WEBB &
TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000
afischer@pbwt.com
acohen@pbwt.com
amarion@pbwt.com
jhermann@pbwt.com

Joshua A. Block
Leslie Cooper
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor

14

New York, NY 10004
Tel: (212) 549-2627
Fax: (212) 549-2650
jblock@aclu.org
lcooper@aclu.org

Daniel Mach
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th Street, NW
Washington, DC 20005
Tel: (202) 675-2330
Fax: 202-546-0738
dmach@aclu.org

Louis J. Ebert (Fed. Bar No. 02031)
ROSENBERG MARTIN GREENBERG, LLP
25 South Charles Street, 21st Floor
Baltimore, Maryland 21201
Telephone: (410) 727-6600
Fax: (410) 727-1115
lebert@rosenbergmartin.com

*Counsel for Plaintiff-Appellant*

15

## **CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2) because it contains 3,382 words. This motion complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it was prepared in a proportionally spaced typeface using 14-point Times New Roman font.

/s/ Aron Fischer
Aron Fischer
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000
afischer@pbwt.com

*Counsel for Plaintiff-Appellant*