No. 23-1394

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

JESSE HAMMONS,

*Plaintiff-Appellant,*

v.

UNIVERSITY OF MARYLAND MEDICAL SYSTEM CORP., ET AL.,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the District of Maryland
No. 20-cv-02088

## REPLY IN SUPPORT OF APPELLEES' MOTION FOR SUMMARY DISMISSAL

Denise Giraudo
Paul Werner
SHEPPARD, MULLIN,
RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, NW
Washington, D.C. 20036
(202) 747-1906
dgiraudo@sheppardmullin.com
pwerner@sheppardmullin.com

Yaakov M. Roth
  *Counsel of Record*
Audrey Beck
JONES DAY
51 Louisiana Avenue, NW
Washington, D.C. 20001
(202) 879-3939
yroth@jonesday.com
abeck@jonesday.com

*Counsel for Appellees*

## INTRODUCTION

Hammons admits he received full compensatory relief for the cancellation of his surgery, based on the district court's judgment that the cancellation violated his *statutory* rights. Yet Hammons insists he maintains standing to appeal the court's rejection of his *constitutional* theories for why the cancellation was unlawful. That is wrong. Hammons predicated all of his claims on a single, indivisible injury—the cancellation of his surgery—and told the district court he had standing to sue because "monetary damages" would redress that "financial" injury. Having now received those damages in the full amount requested, there remains no live, concrete dispute between the parties—only an academic question of constitutional law. This Court has no jurisdiction to resolve that question, and therefore must dismiss.

Hammons' principal response is that he can still recover nominal damages for the alleged violation of his constitutional rights. Not so. Nominal damages are only available "until the plaintiff establishes entitlement to some other form of damages, such as compensatory or statutory damages." *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 800 (2021). Hammons established an entitlement to *compensatory* damages for the cancellation of his surgery; *nominal* damages are therefore inapt. And, again, cancellation of the surgery was the only injury-in-fact that Hammons ever asserted; he never identified any independent *distinct* harm that he suffered from the alleged violations of the Equal Protection Clause or Establishment Clause.

1

Hammons also argues that he can continue to pursue a request for *declaratory relief*. But a purely retrospective declaration would not redress any injury, which is why it is black-letter law that a request for such relief alone does not accord standing. As Hammons thus implicitly recognizes, a request for declaratory relief cannot save this case from mootness unless he also retains a plausible claim for *more damages*. He does not, because his sole injury has been fully redressed.

Defendants recognize that Hammons and his legal team at the ACLU may have ideological reasons to keep litigating, notwithstanding the full recovery they secured below. But Article III means that judicial power cannot be used "simply as a 'vehicle for the vindication of value interests.'" *Diamond v. Charles*, 476 U.S. 54, 62 (1986); *see also Hollingsworth v. Perry*, 570 U.S. 693, 707 (2013) ("No matter how deeply committed petitioners may be … or how 'zealous [their] advocacy,' that is not a 'particularized' interest sufficient to create a case or controversy under Article III."). The instant "case or controversy" has run its full course. The judicial power to act has been exhausted. This Court should dismiss the appeal.

## **ARGUMENT**

Hammons does not dispute the basic legal principle that he cannot appeal the dismissal of his Section 1983 claims unless he maintains a "concrete interest" in them. Opp. 2. But he maintains he does, by virtue of "continu[ing] to seek nominal damages and retrospective declaratory relief" on those claims. Opp. 3.

2

**A.     Declaratory Relief**.  It is abundantly clear that a request for purely "retrospective" declaratory relief cannot generate standing.  That is because, as this Court has explained, "a declaratory judgment" alone does not "redress" a past harm; "[o]therwise plaintiffs with mooted claims of injury could gain federal jurisdiction simply by demanding declaratory relief," like Hammons is trying to do.  *Comite de Apoyo a Los Trabajadores Agricolas v. U.S. Dep't of Lab.*, 995 F.2d 510, 513 (4th Cir. 1993).  Rather, a plaintiff seeking "declaratory relief … must show a realistic threat of *future harm* in order to bring suit."  *Goldstein v. Moatz*, 364 F.3d 205, 219 n.17 (4th Cir. 2004) (emphasis added); *see also City of L.A. v. Lyons*, 461 U.S. 95, 103 (1983) (reiterating that "past wrongs do not in themselves amount to that real and immediate threat of injury necessary to make out a case or controversy").

Hammons implicitly concedes as much by arguing only that, if he prevails on appeal and remand, an award of nominal damages "could also be *accompanied by* retrospective declaratory relief."  Opp. 5 (emphasis added).  That is, if "a claim for damages remains," a declaratory judgment may serve as a "predicate to a damages award."  *Crue v. Aiken*, 370 F.3d 668, 677 (7th Cir. 2004).  But, conversely, if no "damages award" is on the table, a declaratory request cannot save the claim from mootness.  *See Comite de Apoyo*, 995 F.2d at 513.  That is why this Court did *not* rest on the request for declaratory relief in rejecting the mootness argument in *Grimm v. Gloucester County School Board*, 972 F.3d 586, 604 (4th Cir. 2020).

3

**B.     Nominal Damages.** Hammons' argument thus hinges on whether he may seek *nominal* damages after recovering *compensatory* damages. He cannot.

To be clear, nominal damages can be an appropriate remedy—but only "by default *until the plaintiff establishes entitlement to some other form of damages*, such as compensatory or statutory damages." *Uzuegbunam*, 141 S. Ct. at 800 (emphasis added). Nominal damages are thus only available when a violation "has not caused actual, provable injury." *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 308 n.11 (1986); *see also Carey v. Piphus*, 435 U.S. 247, 266 (1978) (nominal damages available for violations "not shown to have caused actual injury"). "An award of merely nominal damages means that a plaintiff has not shown 'actual injury.'" *Doe v. Chao*, 306 F.3d 170, 181 (4th Cir. 2002), *aff'd*, 540 U.S. 614 (2004); *accord* Dan B. Dobbs, LAW OF REMEDIES § 3.1 (1973) (explaining that "[n]ominal damages are awarded … where there has been no actual harm"). Put another way, "nominal and compensatory damages are mutually exclusive." *Randolph v. Metro. Transp. Auth.*, No. 17-cv-1433, 2019 WL 1567663, at *6 (S.D.N.Y. Apr. 11, 2019).

Hammons has received compensatory damages that fully redress his injury from the surgery cancellation. Any request for nominal damages to redress that harm has therefore been subsumed by that compensatory award. That is presumably why Hammons did not ask for nominal damages under Section 1557; for the same reason, he cannot now ask for nominal damages under Section 1983.

4

**C.     Distinct Injuries.**  Evidently recognizing he cannot recover nominal and compensatory damages for the same injury, Hammons pivots to suggest the injury at stake in the Section 1983 claims is "distinct" from the redressed injury in the Section 1557 claim. Opp. 11. That is neither correct nor consistent with how he has litigated this case. He cannot manufacture new injuries now to avoid mootness.

The Complaint is clear that the "injury in fact" that Hammons suffered from the alleged violation of the Constitution was that Defendants "canceled his medically necessary surgery." D. Ct. Dkt. 1, ¶ 67; *see also id.* ¶ 74. That is the *same* injury he alleged on the Section 1557 count. *See id.* ¶ 89. And the Complaint sought relief generally on *all* counts—not different relief on each claim. *See id.* at 24.[1]

Likewise, in response to a standing challenge, Hammons defined his "injury in fact"—for all claims—as the "financial harm" and "emotional and physical strain" caused by "cancelation of his surgery." D. Ct. Dkt. 47, at 7. And he represented that this injury was "redressable through an award of monetary damages." *Id.* The district court agreed that "cancellation of Plaintiff's surgery" was an "injury in fact," and "money damages" would "redress" it. D. Ct. Dkt. 52, at 12, 14, 16.

---

[1] That is also why Defendants were not "aware" that Hammons intended to seek nominal damages "for the constitutional claims." Opp. 13. The Complaint did not identify relief sought *by claim*, and Hammons *did not* seek nominal damages on the Section 1557 claim. Defendants understood the nominal damages request to be a fallback, if Hammons was unable to prove actual injury. Once he did, the nominal request became moot. In all events, the absence of jurisdiction cannot be waived. *See Va. House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1951 (2019).

5

Hammons now suggests, for the first time, that he suffered "distinct dignitary harms" from the alleged violations of the Constitution. Opp. 11. But it is perfectly clear from the procedural history that Hammons has always alleged and asserted a single, indivisible injury—cancellation of the surgery—that would be redressed by monetary damages. He never identified any independent harm from the alleged constitutional violations. Indeed, any "dignitary harms" would not be "distinct" at all. They would flow from, and be part and parcel of, the injury caused by the cancellation of his surgery. And Hammons has already been compensated for that injury—including any related financial or emotional toll—under Section 1557.

To be sure, Hammons's Section 1983 claims assert different *legal rights* than his Section 1557 claim. He seems to think that alone entitles him to separate relief. But Article III requires redressability of *injuries in fact*, not *rights at law*. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 571 (1992) (relief must "redress" the "injury in fact"); *Uzuegbunam*, 141 S. Ct. at 797 (plaintiff must show "injury in fact" and "remedy that is likely to redress *that injury*" (emphasis added)). And the Supreme Court has been clear that a violation of legal rights, alone, is not an injury-in-fact. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204-05 (2021); *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). Here, Hammons asserted violations of distinct rights—but only a single injury-in-fact resulting therefrom. That injury has already been fully redressed, which means he lack standing to press any further.

6

**D.     Caselaw.** The cases that Hammons cites do not support his position. For the most part, those cases simply recite that nominal damages are an appropriate remedy for constitutional violations. But that is not disputed. The problem here is that Hammons has already received compensatory damages for his injury. That was not the case in *Grimm*, 972 F.3d at 604, or *Covenant Media of South Carolina, LLC v. City of North Charleston*, 493 F.3d 421, 429 n.4 (4th Cir. 2007), or *Uzuegbunam*, 141 S. Ct. at 797. Indeed, Hammons is unable to cite a single case awarding both compensatory *and* nominal damages based on the same injury-in-fact.[2]

If anything, *Grimm* undercuts Hammons' argument, despite its prominence in his opposition. This Court in that case affirmed a *single* nominal damages award of $1, to redress *both* Grimm's Title IX claim *and* his Equal Protection Clause claim. *See* 972 F.3d at 604; *Grimm v. Gloucester Cnty. Sch. Bd.*, 400 F. Supp. 3d 444, 464 (E.D. Va. 2019). Grimm was not entitled to *separate* relief on his constitutional and statutory claims, given that they arose from the "same operative facts." Opp. 6. So too here, Hammons is not entitled to any separate recovery on constitutional claims seeking to vindicate the same injury-in-fact as his Section 1557 claim.

---

[2] Hammons does cite two cases holding that relief against *one* party may not moot claims against *another* party. *See Ruvalcaba v. City of L.A.*, 167 F.3d 514, 524 (9th Cir. 1999); *Amato v. City of Saratoga Springs*, 170 F.3d 311, 319 (2d Cir. 1999). But that is simply because a plaintiff is entitled to seek judgment against multiple tortfeasors. *See Amato*, 170 F.3d at 319. That principle does not help Hammons, since he has already secured a full judgment against all three Defendants here.

Meanwhile, Hammons cannot reconcile his theory with the abundant caselaw holding claims moot once the plaintiff has secured relief on a parallel claim based on the same injury-in-fact. *See* MTD 6 (citing cases). His sole response is that those cases did not "address nominal damages." Opp. 8. But that is exactly the point: If Hammons were correct that nominal damages remain available in this situation, the prospect of nominal relief—which need not be alleged in the complaint, *Allah v. Al-Hafeez*, 226 F.3d 247, 251 (3d Cir. 2000)—would have defeated mootness. It did not, since the relief on parallel claims extinguished any nominal damages.

Even worse, Hammons' approach would badly undermine the doctrine of constitutional avoidance. In cases (like this) asserting parallel discrimination claims under both statutory law and the Constitution, the Supreme Court has held that if the plaintiff is "entitled to summary judgment on their [statutory] claim," then the Court "need not decide the underlying constitutional question." *Ricci v. DeStefano*, 557 U.S. 557, 593 (2009); *see also id.* at 576. That follows from the premise that "when a plaintiff is awarded recovery for the alleged wrong under one theory, there is no reason to address the other theories." *Stockton E. Water Dist. v. United States*, 583 F.3d 1344, 1368 (Fed. Cir. 2009). In contrast, on Hammons' theory of standing, the court would *always* need to decide the "underlying constitutional question" and any "other theories," because there would *always* be a prospect of "relief beyond what plaintiffs had already received" (Opp. 10 n.4), namely nominal damages.

8

Hammons' novel approach thus runs headlong into the deeply rooted principle that "[w]here a party raises both statutory and constitutional arguments," the Court should begin with the statute to "avoid unnecessary resolution of the constitutional issue." *Schweiker v. Hogan*, 457 U.S. 569, 585 (1982). That is another telltale sign that Hammons' theory of universal-and-eternal constitutional standing is wrong. He *had* standing to bring this case but—having prevailed and received all the relief he asked for—no longer has any Article III basis for appeal.

## **CONCLUSION**

The Court should dismiss this appeal for lack of jurisdiction.

May 1, 2023                                                Respectfully submitted,

Denise Giraudo                          */s/ Yaakov M. Roth*
Paul Werner                             Yaakov M. Roth
SHEPPARD, MULLIN,                         *Counsel of Record*
RICHTER & HAMPTON LLP                   Audrey Beck
2099 Pennsylvania Avenue, NW            JONES DAY
Washington, D.C. 20036                  51 Louisiana Avenue, NW
(202) 747-1906                          Washington, D.C. 20001
dgiraudo@sheppardmullin.com             (202) 879-3939
pwerner@sheppardmullin.com              yroth@jonesday.com
                                        abeck@jonesday.com

*Counsel for Appellees*

9

## **CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2) because it contains 2,216 words. This motion complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it was prepared in a proportionally spaced typeface using 14-point Times New Roman font.

*/s/ Yaakov M. Roth*
Yaakov M. Roth

*Counsel for Appellees*
