No. 23-1394

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

JESSE HAMMONS,

*Plaintiff-Appellant*,

v.

UNIVERSITY OF MARYLAND MEDICAL SYSTEM CORP., ET AL.,

*Defendants-Appellees*.

On Appeal from the United States District Court
for the District of Maryland
No. 20-cv-02088

## APPELLEES' SECOND MOTION TO DISMISS
## FOR LACK OF JURISDICTION

| | |
|---|---|
| Denise Giraudo | Yaakov M. Roth |
| Paul Werner | *Counsel of Record* |
| SHEPPARD, MULLIN, | Audrey Beck |
| RICHTER & HAMPTON LLP | JONES DAY |
| 2099 Pennsylvania Avenue, NW | 51 Louisiana Avenue, NW |
| Washington, D.C. 20036 | Washington, D.C. 20001 |
| (202) 747-1906 | (202) 879-3939 |
| dgiraudo@sheppardmullin.com | yroth@jonesday.com |
| pwerner@sheppardmullin.com | abeck@jonesday.com |

*Counsel for Appellees*

## INTRODUCTION

Defendants-Appellees moved to dismiss this appeal immediately after it was docketed last spring. They explained that Plaintiff-Appellant Jesse Hammons had already prevailed on his *statutory* claim and therefore lacked standing to appeal the rejection of his *constitutional* claims premised on the same underlying injury. Doc. 6. In response, Hammons insisted that, while he has recovered all the compensatory damages he sought, the prospect of recovering additional nominal damages for the alleged constitutional violations suffices to retain appellate standing. Doc. 21.

Although Defendants maintain that nominal damages are unavailable where the plaintiff has already recovered actual damages for the same injury, that dispute does not justify litigating a complex appeal on the merits. Defendants have therefore recently provided Hammons with the nominal damages he seeks. Now that he has indisputably recovered the full measure of relief he purported to seek through this appeal, there can be no remaining doubt: The appeal must be dismissed.

## BACKGROUND

This case arises from the cancellation of Hammons' hysterectomy, which had been scheduled to occur at the University of Maryland St. Joseph Medical Center ("St. Joseph"). Because St. Joseph is a Catholic hospital, the procedure was cancelled after the hospital learned that it was intended for purposes of treating gender dysphoria. *See* D. Ct. Dkt. 121 ("SJ Op."), at 6-10.

1

Hammons sued the two entities that operate St. Joseph (namely, the University of Maryland St. Joseph Medical Center, LLC, and UMSJ Health System, LLC) and their parent company, the University of Maryland Medical System ("UMMS"). He alleged that the cancellation forced him to reschedule the procedure for another day elsewhere, resulting in monetary loss. D. Ct. Dkt. 1 ("Compl."), ¶ 60. He sought recovery on both constitutional and statutory legal theories. *First*, Hammons asserted that the cancellation of the surgery violated the Establishment Clause and Equal Protection Clause. *Id.* ¶¶ 67, 74, 79-80. *Second*, Hammons asserted that the cancellation amounted to discrimination on the basis of sex, in violation of Section 1557 of the Affordable Care Act ("ACA"). *Id.* ¶ 89.

At the pleading stage, the district court dismissed the constitutional claims. D. Ct. Dkt. 52, at 31-41. But it declined to dismiss the ACA claim. *See id.* at 42-49. The case proceeded to discovery, and the parties filed cross-motions for summary judgment. The district court agreed with Hammons that the cancellation violated Section 1557, and granted summary judgment in his favor. SJ Op. at 51.

Following the liability order, the parties stipulated that Hammons' damages (his lost earnings) totaled $748.46, and also stipulated to prejudgment interest. D. Ct. Dkt. 128. On March 13, 2023, the court entered final judgment in the total agreed amount of $874.63. D. Ct. Dkt. 133. The parties agreed to defer the reimbursement of attorneys' fees until after any appeals. D. Ct. Dkt. 134, 135.

Despite prevailing below, Hammons noticed an appeal, seeking review of the dismissal of his constitutional claims. D. Ct. Dkt. 136.[1] Defendants moved to dismiss for lack of jurisdiction, contending that the case is moot because Hammons already recovered full compensatory damages for the sole injury on which he premised all of his claims (statutory and constitutional). *See* Doc. 6. Hammons responded that the alleged constitutional violations amounted to distinct injuries that could be vindicated through a further award of nominal damages. Doc. 21. This Court ultimately chose to defer the motion to the merits panel. Doc. 28.

Merits briefing has not begun, because Hammons moved to hold this case in abeyance pending the en banc court's forthcoming decision in *Fain v. Crouch*, No. 22-1927 (argued Sept. 21, 2023). *See* Doc. 32.

On October 18, 2023, Defendants sent Hammons $2 in cash, representing $1 in nominal damages on each of his two constitutional claims. Exh. A. That payment was delivered on October 19, 2023. *Id.* Defendants now move again to summarily dismiss this appeal for lack of jurisdiction, before the parties are forced to spend resources on complex merits briefing. 4th Cir. R. 27(f)(2). They advised Hammons of their intention to bring this motion; he intends to oppose it.

---

[1] Defendants also noticed a conditional cross-appeal to preserve their right to challenge the adverse judgment in the event this Court concludes that Hammons' appeal is not moot. The cross-appeal (No. 23-1452) has been consolidated with this appeal. If the Court grants this motion, Defendants' conditional cross-appeal will and should automatically also be dismissed.

3

# ARGUMENT

Despite recovering all of his requested compensatory damages on statutory grounds below, Hammons previously argued that his appeal is not moot because he could recover additional *nominal* damages on his constitutional claims. Doc. 21, at 1. Even if that were true, Defendants have now paid those nominal damages, which means there is no relief left for this Court (or the district court on remand) to award. Hammons has already recovered everything he could possibly hope to recover through his lawsuit. This appeal is therefore now undeniably moot. This Court should dismiss it.

**I.**    Article III conditions the "exercise of judicial power … on the existence of a case or controversy." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). That means that a plaintiff must suffer an injury that "can be redressed by a favorable judicial decision." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983); *see id.* (appeal moot where "no resolution … can redress [the] asserted grievance"). And because "federal courts may adjudicate only actual, ongoing cases or controversies," the plaintiff must maintain that "concrete" stake at "all stages of federal judicial proceedings, trial and appellate." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-79 (1990). That standing requirement "must be met by persons seeking appellate review, just as it must be met by persons appearing in courts of first instance." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 64 (1997).

4

As this Court has recognized, a plaintiff loses his "'personal stake in the outcome' of the lawsuit," *Lewis*, 494 U.S. at 478—and so lacks standing to proceed further—"when [he] receives the relief sought in his … claim," *Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013); *see also, e.g.*, *Eden, LLC v. Justice*, 36 F.4th 166, 170 & n.3 (4th Cir. 2022) (dismissing appeal where plaintiffs has already recovered "the 'precise relief' they sought"); *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002) (dismissing appeal as moot after state court in parallel litigation provided all the relief that would have been possible).

As a consequence, a claim is moot if the plaintiff receives full relief on that claim. This Court applied that rule in *Beatley v. Ayers*, 851 F. App'x 332 (4th Cir. 2021) (per curiam). It agreed that the defendant's "mid-litigation payment of the $134,000 (plus interest) mooted" a breach of contract claim because it gave the plaintiff "everything he was entitled to receive on that claim." *Id.* at 336.

The Sixth Circuit recently applied that same rule, holding that the IRS's mid-litigation payment of a tax refund mooted a dispute over the taxpayer's entitlement to that refund. *See Jarrett v. United States*, 79 F.4th 675, 678 (6th Cir. Aug. 18, 2023). As that court explained, "[s]uch a tender gives the plaintiff all the relief she could receive, and as a result it moots any claim for damages." *Id.* Indeed, the tender mooted the taxpayer's claim even though the taxpayer refused to cash the check and wished to pursue the litigation further. *See id.* at 680.

5

Other courts agree too. *See, e.g.*, *Duncan v. Governor of Virgin Islands*, 48 F.4th 195, 206 (3d Cir. 2022) ("Small claims for cash can always be mooted swiftly with payment of the amount claimed."); *Gates v. City of Chicago*, 623 F.3d 389, 413 (7th Cir. 2010) (finding claims moot where defendant "tendered the full amounts the plaintiffs requested," despite plaintiffs' attempts to "refus[e] the tender"); *Russell v. United States*, 661 F.3d 1371, 1375 (Fed. Cir. 2011) (holding that claim was moot even though plaintiff "may have chosen not to 'accept' [full] payment").[2]

To be sure, an *offer* of payment—as opposed to a *tender*—does not suffice. *Jarrett*, 79 F.4th at 678. There are conflicting decisions on whether an ordinary check counts as a tender, since the check will not be payable if the payor's account lacks sufficient funds. *See Price*, 2016 WL 1089417, at *2-3. But there can be no dispute that the payment of *cash* qualifies as a tender. Once the plaintiff receives the cash, the claim becomes moot, even if the plaintiff "burns [the] full cash payment on the spot." *Jarrett*, 79 F.4th at 680.

---

[2] District courts in this Circuit have applied the same rule. *See, e.g.*, *Wilkins v. U.S. Dep't of Treas.*, 2023 WL 2482974, at *3 (W.D. Va. Mar. 13, 2023) (holding claims for tax refunds moot once plaintiff received refunds); *Price v. Berman's Auto., Inc.*, 2016 WL 1089417, at *2-3 (D. Md. Mar. 21, 2016) (indicating that it would dismiss claim as moot if defendant tendered cashier's check for full amount of damages); *Sumpter v. Penn. Nat'l Mut. Casualty Ins. Co.*, 2021 WL 4710808, at *5 (D. Md. Oct. 8, 2021) (dismissing claims as moot where defendant "has now paid" full amount sought, so plaintiff had "received the relief … he or she sought"). So have other courts. *E.g.*, *Mayer v. Wallingford-Swarthmore Sch. Dist.*, 405 F. Supp. 3d 637, 642 (E.D. Pa. 2019) (holding claims moot as plaintiff had received refund and "therefore … no longer ha[d] an interest in the outcome of the litigation").

6

This rule applies equally to nominal damages. As the Supreme Court recently clarified, nominal damages "are in fact damages paid to the plaintiff." *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 801 (2021). From an Article III perspective, "violation of a right" is presumed to cause "damage" if the plaintiff cannot prove compensable harm, and a dollar of compensation, although "small," redresses that injury. *Id.* at 800-01. Accordingly, if a defendant tenders those nominal damages, the plaintiff receives the full relief that nominal damages would provide, and thereafter lacks any Article III injury that could be vindicated through further judicial action.

**II.**   Under this principle, Hammons' appeal must be dismissed. The only additional relief he claimed to be seeking on his constitutional claims was nominal damages. *See* Doc. 21, at 1, 3-4, 6-13. Defendants have now tendered those damages through payment of cash. Exh. A. Nothing remains for the Court to do. Hammons cannot recover any further relief. The Article III controversy is over.

Notably, Hammons does "not seek prospective relief." D. Ct. Dkt. 52, at 16. Nor could Hammons have done so; he plainly lacks standing for any prospective equitable relief after obtaining a hysterectomy at another hospital. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983). Hammons did not argue otherwise in his response to Defendants' previous motion.[3]

---

[3] In opposing Defendants' prior motion, Hammons did argue that nominal damages "could also be accompanied by retrospective declaratory relief." Dkt. 21 at 5; *see also id.* at 1 (calling this relief "attendant" to nominal damages). Indeed, if

7

## **CONCLUSION**

For the reasons above, the slender and dubious basis upon which Hammons tried to keep this case alive has now itself been mooted. The Court should summarily dismiss this appeal for lack of jurisdiction, and should do so before the parties are forced to devote resources to briefing a complex appeal and cross-appeal.

October 19, 2023                                    Respectfully submitted,

Denise Giraudo                                     */s/ Yaakov M. Roth*
Paul Werner                                         Yaakov M. Roth
SHEPPARD, MULLIN,                          *Counsel of Record*
RICHTER & HAMPTON LLP              Audrey Beck
2099 Pennsylvania Avenue, NW         JONES DAY
Washington, D.C. 20036                     51 Louisiana Avenue, NW
(202) 747-1906                                    Washington, D.C. 20001
dgiraudo@sheppardmullin.com         (202) 879-3939
pwerner@sheppardmullin.com          yroth@jonesday.com
                                                            abeck@jonesday.com

*Counsel for Appellees*

---

"a claim for damages remains," a declaratory judgment may serve as a "predicate to a damages award." *Crue v. Aiken*, 370 F.3d 668, 677 (7th Cir. 2004). But if no damages "award" is on the table, this Court's precedent is clear that a retrospective declaratory request cannot forestall mootness. *Comite de Apoyo a Los Trabajadores Agricolas v. U.S. Dep't of Lab.*, 995 F.2d 510, 513 (4th Cir. 1993).

8

## **CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,954 words. This motion complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it was prepared in a proportionally spaced typeface using 14-point Times New Roman font.

*/s/ Yaakov M. Roth*
Yaakov M. Roth

*Counsel for Appellees*