Nwamaka Anowi, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

              **Re:**    *Jesse Hammons v. University of Maryland Medical System Corporation, et al.*, **No. 23-1394**

Dear Clerk Anowi:

      We write regarding the court's August 1, 2023 order in the above-captioned appeal, which granted Plaintiff-Appellant Jesse Hammons' unopposed motion to "place this case in abeyance pending a decision by this court in *Fain v. Crouch*, No. 22-1927." Doc. 32.[1] This Court has now issued its decision in *Kadel v. Folwell*, 100 F.4th 122 (4th Cir. 2024) (en banc), which resolved the Section 1557 claims at issue in No. 22-1927. In this letter, the parties set forth their respective positions on whether this case should further remain in abeyance and other next steps.

      <u>Plaintiff-Appellant Jesse Hammons</u>

      Mr. Hammons is a transgender man who has been diagnosed with gender dysphoria. As part of his medically necessary care, Mr. Hammons's surgeon scheduled a hysterectomy to take place at the University of Maryland St. Joseph Medical Center ("St. Joseph"). *See* Hammons Motion to Hold Case in Abeyance, Doc. 30 ("Mot.") at ¶ 1. St. Joseph is owned and operated as a Catholic hospital by the Defendants. *Id.* Before Mr. Hammons's surgery could take place, St. Joseph ordered Mr. Hammons's surgeon to cancel the procedure as contrary to the Ethical and Religious Directives of the United States Conference of Catholic Bishops (the "Directives"). *Id.*

      Mr. Hammons alleged three claims against Defendants: (1) violation of the Establishment Clause, (2) violation of the Equal Protection Clause, and (3) violation of Section 1557 of the Affordable Care Act ("Section 1557"). *Id.* ¶ 2. The district court dismissed Mr. Hammons's two constitutional claims, ruling Defendants are governmental entities subject to the restrictions of the Constitution but are shielded from liability by sovereign immunity. *Id.* ¶¶ 1-2. The district court subsequently entered summary judgment in favor Mr. Hammons on his Section 1557 claim because the court concluded that the Supreme Court's reasoning in *Bostock v. Clayton County*, 140 S. Ct. 1731 (2020), applied to Section 1557 and prohibited categorical exclusions of gender affirming care. *See* Mot. ¶ 3.

      After entry of final judgment, Mr. Hammons appealed the dismissal of his constitutional claims. *Id.* ¶ 3. Defendants have conditionally cross-appealed the judgment in Mr. Hammons's favor on his Section 1557 claim. *Id.* ¶ 3.

      Now that the en banc court has issued its decision in in *Kadel*, this case is no longer in abeyance. When Mr. Hammons moved to hold this case in abeyance on July 27, 2023, it would have been wasteful for the parties to brief whether *Bostock*'s reasoning applied to Section 1557 because the panel assigned to this case would be bound by whatever the en banc court decided in

---

[1] The caption of the case was subsequently amended to *Anderson v. Crouch*.

*Kadel*. Mr. Hammons thus explained that "the outcome of *Fain* [would] shape the scope of the appeal and cross-appeal and the number and breadth of issues that the parties must brief and this Court must decide." Mot. ¶ 5. Now that *Kadel* has been decided, the parties can now proceed to the merits of this appeal without devoting briefing to the legal issues that *Kadel* already resolved.[2]

Any extension of the abeyance is unwarranted. Defendants argue that the case should continue to be held in abeyance pending the outcome of a petition for writ of certiorari in *Kadel*, which could delay briefing for another year on top of the eight months that the case has already been held in abeyance. But it is widely recognized in this Circuit that when this Court has already issued binding precedent, the pendency of a petition for a writ of certiorari is usually not a sufficient basis to further stay a case.[3]

Critically, the only claims at issue in Mr. Hammons' appeal are his constitutional claims, which were dismissed based on sovereign immunity. The Supreme Court's disposition of a hypothetical petition for certiorari in *Kadel* is relevant only to Defendants' conditional cross-appeal. Defendants can preserve any argument that *Kadel* was wrongly decided while proceeding with briefing the remaining issues in the case.

As for Defendants' motion to dismiss, see *infra*, this Court has already deferred ruling on Defendants' first motion to dismiss and referred that motion to the merits panel. *See* Doc. 28. Defendants' second motion to dismiss should receive the same treatment.

Defendants/Appellees University of Maryland Medical System Corporation et al.

When Hammons approached Defendants about staying this appeal, Defendants responded that they "would not oppose a motion to stay the briefing schedule pending resolution (*up to and including any cert petition*) in *Fain v. Crouch*." *See* Exh. A (Email Chain) (emphasis added). Hammons then filed an unopposed motion to place this case in abeyance, which the court granted. Docs. 30, 32. Consistent with their original position (and the premise for their consent to the

---

[2] As reflected in the correspondence attached by Defendants, Mr. Hammons has never proposed or agreed to holding the appeal in abeyance pending disposition of a petition for a writ of certiorari. If Defendants had made such a motion, Mr. Hammons would have opposed it.

[3] *See In re Servotronics, Inc.*, No. 2:18-MC-00364-DCN, 2021 WL 1521931, at *2 (D.S.C. Apr. 16, 2021) (recounting procedural history in which district court stayed proceedings pending the outcome of a petition for writ of certiorari and Fourth Circuit issued a writ of mandamus to lift the stay because this court's precedent "remains in force until the Supreme Court rules otherwise."); *Carcano v. McCrory*, 203 F. Supp. 3d 615, 635 (M.D.N.C. 2016) (applying this court's decision in *G.G. v. Gloucester Cnty. Sch. Bd.*, 654 F. App'x 606, 607 (4th Cir. 2016) as binding precedent even though the mandate was recalled and stayed by the Supreme Court); *McFadyen v. Duke Univ.*, No. 1:07CV953, 2013 WL 12137140, at *1 (M.D.N.C. May 17, 2013) (refusing to stay case because "the Fourth Circuit's decision is presently binding on the Court" despite the pendency of a petition for certiorari); *see also United States v. Castro*, 750 F. App'x 363, 364 (5th Cir. 2018) (refusing to hold appeal in abeyance despite the pendency of multiple petitions for writ of certiorari "that may have a bearing on the outcome of the instant appeal").

original motion), Defendants believe this appeal should remain in abeyance pending the disposition of any petition for certiorari that may be filed in *Fain* or *Kadel v. Folwell*.

As Hammons explains above, it made sense to hold this case in abeyance because the parties recognized that "the outcome of *Fain* [would] shape the scope of the appeal and cross-appeal and the number and breadth of issues that the parties must brief and this Court must decide." That remains just as true now, because the "outcome" of *Fain* (and *Kadel*) will not be final and definitive until the Supreme Court either weighs in or declines to do so. *Cf. Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").

To be sure, not every potential certiorari petition warrants a continued stay; most do not. But this case is different. *First*, there is a far higher likelihood of Supreme Court review here than in the average case, because the Supreme Court recently granted a stay in a case involving a related issue, *Labrador v. Poe*, No. 23A763 (U.S. Apr. 15, 2024), and is already considering a series of related certiorari petitions, including one from the Solicitor General, *see* Pet. for Writ of Cert., *United States v. Skrmetti*, No. 23-477 (U.S. Nov. 6, 2023). *Second*, Supreme Court review would not simply bear on this case in some indefinite or tangential way; it would directly control the outcome of both Hammons's Equal Protection claim (in the appeal) and Hammons's statutory claim (the cross-appeal). *Third*, there is no real downside to continuing to hold these matters in abeyance, because Hammons already received full compensatory damages, does not seek any prospective relief, and at this juncture merely wishes to recover nominal damages (that Defendants have tendered but he has refused to accept). *See* Doc. 33. The balance of equities therefore clearly favors waiting for the Supreme Court to act in *Fain* or *Kadel* before undertaking considerable merits briefing that may well be superseded in short order.

Finally, in the event that this Court does lift the abeyance, Defendants' pending motion to dismiss the appeal as moot should be adjudicated by a motions panel before any merits briefing commences. During the abeyance period, Defendants moved to dismiss the appeal as moot (Doc. 33); Hammons opposed (Doc. 37); and Defendants filed a reply (Doc. 40). That motion should be considered at the threshold before any briefing order issues—which is how the Court proceeded with respect to Defendants' original motion to dismiss the appeal (*see* Docs. 6, 21, 22, 28).

May 22, 2024                                                    Respectfully submitted,

/s/ Aron Fischer                                                /s/ Yaakov M. Roth
Aron Fischer                                                    Yaakov Roth
Andrew D. Cohen                                                 JONES DAY
Joshua M. Goldman                                               51 Louisiana Avenue NW
Sean Lau                                                        Washington, DC 20001

PATTERSON BELKNAP WEBB & TYLER LLP  
1133 Avenue of the Americas  
New York, NY 10036  
(212) 336-2000  
afischer@pbwt.com  
acohen@pbwt.com  
jgoldman@pbwt.com  
slau@pbwt.com  

/s/ Joshua A. Block  
Joshua A. Block  
Leslie Cooper  
AMERICAN CIVIL LIBERTIES UNION FOUNDATION  
125 Broad Street, 18th Floor  
New York, NY 10004  
Tel: (212) 549-2627  
Fax: (212) 549-2650  
jblock@aclu.org  
lcooper@aclu.org  

Daniel Mach  
AMERICAN CIVIL LIBERTIES UNION FOUNDATION  
915 15th Street, NW  
Washington, DC 20005  
Tel: (202) 675-2330  
Fax: 202-546-0738  
dmach@aclu.org  

Louis J. Ebert (Fed. Bar No. 02031)  
ROSENBERG MARTIN GREENBERG, LLP  
25 South Charles Street, 21st Floor  
Baltimore, Maryland 21201  
Telephone: (410) 727-6600  
Fax: (410) 727-1115  
lebert@rosenbergmartin.com  

*Counsel for Plaintiff-Appellant*

(202) 879-3939  
yroth@jonesday.com  

*Counsel for Defendants-Appellees*