Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
T  +1 202 637 5600
F  +1 202 637 5910
www.hoganlovells.com

May 13, 2025

**By CM/ECF**

Nwamaka Anowi
Clerk of the Court
United States Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

**Re:**   *Hammons v. UMMS*, Nos. 23-1394, 23-1452

Dear Ms. Anowi:

We write in response to Hammons' Saturday letter discussing *Schneider v. County of San Diego*, 285 F.3d 784 (9th Cir. 2002), a case that—as Hammons admits—he has never before cited.

For good reason: *Schneider*'s separate awards of compensatory and nominal damages rested on the notion that "[n]ominal damages are a purely 'symbolic vindication of [a] constitutional right,' and are awarded regardless of whether 'the constitutional violation causes any actual damage.' "  285 F.3d at 795 (second brackets in original) (quoting *George v. City of Long Beach*, 973 F.2d 706, 708 (9th Cir. 1992)).  But the Supreme Court later explained that it was a "flawed premise that nominal damages are purely symbolic." *Uzuegbunam v. Preczewski*, 592 U.S. 279, 290 (2021).  Nominal damages instead remedy "presumed" harm from a legal injury and are "awarded by default *until* the plaintiff establishes entitlement to some other form of damages, such as compensatory or statutory damages." *Id.* at 288, 290 (emphasis added).  *Schneider* is also contrary to subsequent cases like *Ricci v. DeStefano*, 557 U.S. 557, 563 (2009), where the Supreme Court held it "need not reach" a constitutional claim where a finding on a statutory claim provided the plaintiff complete relief.  *See* Dkt. No. 6-1 at 6-7.

Hogan Lovells US LLP is a limited liability partnership registered in the state of Delaware.  "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in:  Alicante  Amsterdam  Baltimore  Beijing  Birmingham  Boston  Brussels  Colorado Springs  Denver  Dubai  Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  Johannesburg  London  Los Angeles  Luxembourg  Madrid  Mexico City  Miami  Milan  Minneapolis  Monterrey  Munich  New York  Northern Virginia  Paris  Philadelphia  Rome  San Francisco  São Paulo  Shanghai  Silicon Valley  Singapore  Sydney  Tokyo  Warsaw  Washington, D.C.  Associated Offices:  Budapest  Jakarta  Riyadh  Shanghai FTZ  Ulaanbaatar.   Business Service Centers:  Johannesburg  Louisville.  Legal Services Center:  Berlin.  For more information see www.hoganlovells.com

Hammons' renewed request from oral argument to amend his complaint to assert mental-distress damages is likewise meritless. Hammons never advanced this theory before—not in his opposition to the first motion to dismiss, not in his opposition to the second motion to dismiss, and not in his merits briefs. His "newly minted argument, made for the first time at oral argument, is waived in this appeal." *United States v. Clay*, 627 F.3d 959, 966 n.2 (4th Cir. 2010).

Advocacy concludes when the case is submitted; this Court "do[es] not countenance a litigant's use of Rule 28(j) as a means to advance new arguments couched as supplemental authorities." *United States v. Ashford*, 718 F.3d 377, 381 (4th Cir. 2013). The Court should reject Hammons' attempt to file a post-argument sur-reply.

Sincerely,

/s/ Sean Marotta
Sean Marotta

cc: All parties (by CM/ECF)